IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 03–MK–1989 (CBS)

HUBERT W. UNDERWOOD,

    Petitioner,

v.

GARY GOLDER, Warden of Sterling Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

**ORDER ADOPTING RECOMMENDATION OF MAGISTRATE JUDGE,
OVERRULING OBJECTIONS, AND DENYING HABEAS RELIEF**

---

THIS MATTER comes before the Court on a Recommendation from the Magistrate Judge that Petitioner Hubert W. Underwood's application for habeas corpus relief ("the Petition") be denied, to which Mr. Underwood has objected. Having considered the Recommendation, Mr. Underwood's Objections thereto, the entire Court file, and relevant portions of the State Court proceedings, the Court finds and concludes as follows.

### I. Jurisdiction

The Court has subject matter jurisdiction over Mr. Underwood's claims pursuant to 28 U.S.C. §§ 1331 and 2254.

### II. Issue

The Court must determine whether Mr. Underwood is entitled to habeas relief on any of his claims.

### III. Standard of Review

Petitioner filed written objections to the Recommendation. Accordingly, the Court will review the Recommendation *de novo*. 28 U.S.C. § 636(b)(1)(C); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996).

### IV. Factual and Procedural Background

Following a jury trial in the Denver County District Court in March 2000, Petitioner Hubert W. Underwood ("Petitioner") was found guilty of aggravated incest and sexual assault on a child by a person in a position of trust. The Colorado Court of Appeals affirmed the Petitioner's conviction by written opinion on March 14, 2002. Petitioner then filed a Petition for Writ of Certiorari in the Colorado Supreme Court, which Respondents opposed and which the Colorado Supreme Court ultimately denied. Petitioner states in his Petition that he sought post-conviction relief in state court pursuant to Crim. P. 35(b), and his motion was denied on January 16, 2003. Petitioner indicated that he did not appeal the denial of his post-conviction motion.

Petitioner then filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody in this Court on October 6, 2003. Petitioner attacks his convictions in the above-mentioned criminal case. In Claim One, Petitioner alleges that the trial court erroneously admitted evidence relating to alleged prior similar acts by the Petitioner that he contends were inadmissible and unduly prejudicial. Petitioner also complains in Claim One that the trial court failed to comply with a state statute requiring that the court contemporaneously instruct the jury as to the limited purpose of the "other acts" evidence at the time the evidence was admitted. In Claim Two, Petitioner alleges that the trial court erroneously admitted unreliable hearsay statements pursuant to the Child Hearsay Statute, C.R.S. § 13-25-129, which he contends

prejudiced his defense. In Claim Three, Petitioner alleges that the trial court erred in disallowing certain evidence relating to the victim, pursuant to Colorado's Rape Shield Statute, C.R.S. § 18-3-407, that would have discredited her testimony.

Respondents filed an Answer to Order to Show Cause addressing the claims in the Petition, and filed copies of relevant portions of the Petitioner's proceedings in state court. Respondents assert that all of Petitioner's claims are procedurally defaulted and that there is no "cause" and "prejudice" or "fundamental miscarriage of justice" to set aside such default. Alternatively, Respondents argue that the claims can be denied on the merits.

In the Recommendation, the Magistrate Judge concluded that all of Petitioner's claims were procedurally defaulted, and recommended that the petition be denied and dismissed with prejudice.

On April 16, 2004, Petitioner filed Objections to the Recommendation. In his Objections, Petitioner concedes that Claim One was raised in state court as a state law claim, only, and not as a federal constitutional violation. Petitioner also concedes that Claims Two and Three in the Petition were not raised on direct appeal in the Colorado Supreme Court. He contends, however, that failure to properly raise these claims in state court resulted from the ineffective assistance of his appellate counsel. Petitioner further alleges in his Objections that he was deprived of his Sixth Amendment rights under the Confrontation Clause due to application of Colorado's Rape Shield Statute, and that appellate counsel was ineffective for failing to raise this claim in state court.

## V. Analysis

Having reviewed the Recommendation and the Petitioner's Objections thereto, the Court finds that the Petitioner's Objections should be overruled, and the Recommendation of the

Magistrate Judge should be adopted and habeas relief denied.

### A.     Exhaustion of Claims and Procedural Default

A habeas petitioner is generally required to exhaust his state court remedies before seeking habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that a petitioner must give the state courts a fair opportunity to act on his claims before he presents them to a federal court in a habeas petition. *See id.* To do so, a petitioner must invoke one complete round of the state's established appellate review process. *See id.* at 845. Claims not included in a petition for discretionary review to the state's highest court are not exhausted and, if they are time-barred under state law, they are procedurally defaulted and not subject to review on the merits. *Id.; Gray v. Netherland,* 518 U.S. 152, 161-62 (1996); *Gonzales v. McKune*, 279 F.3d 922, 924 (10th Cir. 2002).

Further, for a claim to be fairly presented to the state courts, it must be presented as a federal claim. *Duncan v. Henry,* 513 U.S. 364, 365-66 (1995). It is not enough that all facts necessary to support the claim were presented, or that a somewhat similar claim was made. *See Miranda v. Cooper*, 967 F.2d 392, 397 (10th Cir. 1992) ("the burden is on the state prisoner bringing a § 2254 action to raise all federal constitutional claims" in state court). Federal claims not properly raised in state court are procedurally defaulted from federal habeas review. *Duncan,* 513 U.S. at 365-66; *Gonzales,* 279 F.3d at 924.

Despite a petitioner's procedural default on claims raised in a federal habeas petition, the procedural bar may be excused upon (1) a showing of cause and actual prejudice or (2) a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). "Cause" usually requires a showing of an external impediment that prevented a petitioner from

raising the claim. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). A fundamental miscarriage of justice is an extraordinary circumstance that occurs when a constitutional violation probably has caused the conviction of one innocent of the crime. *Id.* at 495-96.

**B.    Procedural default analysis of Petitioner's claims.**

  **1.    Petitioner's first claim.**

In Claim One, Petitioner alleges that the trial court erroneously admitted testimony relating to alleged prior similar acts by the Petitioner that he contends were inadmissible and unduly prejudicial. Petitioner also complains that the trial court failed to comply with a state statute requiring that the court contemporaneously instruct the jury as to the limited purpose of the "other acts" evidence at the time the evidence was admitted. Although the Petitioner raised this claim in his Petition for Certiorari to the Colorado Supreme Court, Respondents assert that this claim is procedurally barred because it was not presented to the state court as a federal constitutional claim.

The Petitioner's claim merely challenges the trial court's decision to admit certain evidence, and its alleged failure to comply with state law in doing so. The claims and arguments Petitioner presented to the Colorado Court of Appeals and the Colorado Supreme Court were derived solely from Colorado rules, statutes, and cases. Petitioner did not present this claim to the state court as a federal claim, as is required for subsequent federal habeas review. *See Duncan,* 513 U.S. at 365-66. Petitioner is now barred from returning to the Colorado courts to raise this claim as a federal claim in a post-conviction motion because it should have been raised during his direct appeal. *See Gray*, 518 U.S. at 161-62; *Gonzales,* 279 F.3d at 924. The claim is therefore procedurally barred. *Id.*

Furthermore, even if the claim were not procedurally defaulted, it would not be cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). An erroneous evidentiary ruling by a state trial court is not a basis for federal habeas relief. *Id.* Likewise, a trial court's failure properly to comply with state law does not, in itself, state a claim for federal habeas relief. *Id.* The petitioner is not entitled to habeas relief on the allegations set forth in Claim One.

### 2. Petitioner's second and third claims in the Petition.

In Claim Two, Petitioner alleges that the trial court erroneously admitted unreliable hearsay statements pursuant to the Child Hearsay Statute, C.R.S. § 13-25-129, which he contends prejudiced his defense. In Claim Three, Petitioner alleges that the trial court erred in disallowing certain evidence relating to the victim, pursuant to Colorado's Rape Shield Statute, C.R.S. § 18-3-407, that would have discredited her testimony.

Respondents assert that Petitioner's second and third claims are also procedurally defaulted because, although they were raised on direct appeal in the Colorado Court of Appeals, they were not raised in Petitioner's Petition for Writ of Certiorari in the Colorado Supreme Court. Since the claims were not raised in the highest state court with jurisdiction to hear the claims, Repondents assert the claims are procedurally barred from federal review.

In *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999), the United States Supreme Court held that a federal habeas petitioner must first properly present his claims to the state supreme court for review in order to satisfy the requirement that a petitioner must give the state courts a fair opportunity to act on his claims before he presents them to a federal court in a habeas petition. *See id.* at 842, 844. To do so, a petitioner must invoke one complete round of the state's established appellate review process. *See id.* at 845. Claims not included in a petition for

discretionary review to the state's highest court are not exhausted and, if they are time-barred under state law, they are procedurally defaulted and not subject to review on the merits.  *See Gray,* 518 U.S. at 161-62; *Gonzales,* 279 F.3d at 924.

Although Petitioner raised his second and third claims in the Colorado Court of Appeals, he failed to raise these same claims in his Petition for Writ of Certiorari in the Colorado Supreme Court.  Petitioner is now barred from returning to the Colorado courts to raise these claims as a federal claim in a post-conviction motion because they should have been raised during his direct appeal.  *Gray,* 518 U.S. at 161-62; *Gonzales,* 279 F.3d at 924.  The claims are therefore procedurally barred.

Furthermore, even if the claims were not procedurally defaulted, they would not be cognizable on federal habeas review because Petitioner is merely challenging the state courts' application of state law.  *McGuire*, 502 U.S. at 67-68.  The petitioner is not entitled to habeas relief on these claims.

**3. Petitioner's Sixth Amendment and ineffective assistance of counsel claims raised in the Objections.**  The Petitioner sets forth allegations in his Petition, Traverse and Objections that he was deprived of his Sixth Amendment rights under the Confrontation Clause due to application of Colorado's Rape Shield Statute, C.R.S. § 18-3-407.  *See* Objections at pp.1-2 ("applicant should not be punished for the acts of ineffective counsel who failed to raise this issue . . . nor raise Federal Constitutional Violation of applicants failure to receive a fair trial contrary to the Sixth Amendment to the U.S. Constitution due to the application of Colorado's Rape Shield Statute which prevented the applicant from receiving a fair trial"); *see also* Petition at p. 9 ("This Court should take a strong review of Colorado's Rape Shield Statute . . . [t]his statute

is Unconstitutional in its application"). Petitioner's allegations include, *inter alia*, claims that Colorado's Rape Shield statute prevented him from challenging unreliable hearsay testimony and false allegations from the victim and other witnesses. *See id; see also* Traverse at p. 4. Petitioner concedes, however, that this federal constitutional claim was not raised in state court, and alleges that his appellate counsel was ineffective for failing do so. *See* Objections at p. 2.

To the extent the Petitioner raises a Sixth Amendment confrontation clause claim in his pleadings filed with this Court, the Court finds that this claim is procedurally barred. Petitioner did not present this federal constitutional claim to the state courts as is required. *See Duncan,* 513 U.S. at 365-66. Petitioner is now barred from returning to the Colorado courts to raise this claim in a post-conviction motion because it should have been raised during his direct appeal. *See Gonzales,* 279 F.3d at 924. The claim is therefore procedurally barred.

As set forth in the procedural default analysis above, Petitioner's failure to properly raise his Sixth Amendment claims in state court bar those claims from federal review. Absent a showing of cause and prejudice, Petitioner cannot prevail on these claims. Since Petitioner alleges that this default resulted from the ineffective assistance of his appellate counsel, the Court will address the merits of Petitioner's ineffectiveness claim in the "cause" portion of the procedural default analysis set forth below. This "cause" and "prejudice" discussion applies to all of Petitioner's defaulted claims to the extent he contends any claim is defaulted due to appellate counsel's ineffectiveness.

**C.     Cause and prejudice analysis.**

In his Objections, Petitioner argues that appellate counsel should have raised on direct

appeal to the Colorado Supreme Court each claim that he now asserts in his § 2254 petition. Petitioner further contends that appellate counsel was ineffective for failing to characterize his claims as both state law violations and federal constitutional claims. It does not appear that the Petitioner raised this claim in the state review process. There is a suggestion that a motion was filed in the trial court which it ultimately denied. It is unclear what the nature of the motion was, but even if it addressed the Petitioner's claim of ineffective assistance of counsel, the denial was never appealed. Thus the Petitioner did not exhaust the avenues for review in state court.

Despite petitioner's procedural default on claims previously discussed, the Court may nevertheless consider the merits of these claims if the petitioner shows either (1) cause for his procedural default and actual prejudice resulting from the violation of federal law, *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), or (2) a resulting fundamental miscarriage of justice if the federal court does not consider the claims. *Murray v Carrier,* 477 U.S. at 478, 495-96.

The Petitioner must satisfy the requirements of a two-pronged test to prevail on his claim of ineffective assistance of appellate counsel. The Petitioner must first establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* Once this threshold test is met, the Petitioner must then show that the deficient performance of his counsel prejudiced his defense. *Strickland*, 466 U.S. at 687. To establish prejudice, the Petitioner must first show that there is a "reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Strickland*, 466 U.S. at 694. However, a petitioner does not establish "prejudice" merely by demonstrating that but for counsel's behavior the outcome would have been different; rather,

petitioner must also show that counsel's performance rendered the result of the proceeding fundamentally unfair. *Id.* at 694.

Contrary to Petitioner's assertions, appellate counsel's decision to raise only one claim on direct appeal, and to forego other arguable constitutional violations, did not in itself constitute ineffective assistance. *Smith v. Robbins*, 528 U.S. 259, 288 (2000) ("appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim"). The Petitioner has alleged no facts suggesting that counsel's decision to forego other claims on appeal, including the ones he now asserts, was outside reasonable professional norms. The Court therefore concludes that the Petitioner has failed to establish that appellate counsel was ineffective. Since Petitioner has failed to demonstrate that appellate counsel was ineffective, the Court need not address the prejudice prong of *Strickland*. Petitioner has failed to establish "cause" and "prejudice" sufficient to excuse the procedural default of his claims.

However, this court must still consider whether it should reach the merits of petitioner's defaulted claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 315 (1995). The miscarriage of justice standard is directly linked to innocence. *Id.* at 314. Innocence is not an independent claim; rather, it is the "gateway' through which a petitioner must pass before a court may consider constitutional claims that are defaulted. *Id.* at 315. The miscarriage of justice exception applies when a petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To meet this standard, a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 327.

The petitioner has failed to make the requisite showing. He has presented no evidence nor even suggested that evidence satisfying *Schlup* exists. The Petitioner's procedurally defaulted claims are therefore foreclosed from federal habeas review.

## VI.  CONCLUSION

Petitioner's habeas claims were not fairly presented to the state courts, and are therefore procedurally barred from federal review. Petitioner has established no "cause" and "prejudice" nor "fundamental miscarriage of justice" to remove these procedural bars. The Court will therefore adopt the Recommendation of the Magistrate Judge to deny habeas relief to Petitioner. The Court will further order that the Petitioner's Objections be Overruled, and that all claims raised therein be denied and dismissed with prejudice.

**IT IS THEREFORE ORDERED** that the Petitioner's Objections are **OVERRULED,** and that the Recommendation is **ADOPTED.**

**IT IS FURTHER ORDERED** that Petitioner's Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254 by a Person in State Custody is **DENIED.**

Dated this 3rd day of October, 2005.

**BY THE COURT:**

Marcia S. Krieger
United States District Judge